[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE SPECIAL DEFENSES AND ON PLAINTIFFS' MOTION IN LIMINE
By motion dated May 13, 1999, the plaintiffs move to strike the fifth and sixth special defenses asserted by the defendant, Henkels McCoy, Inc., to counts nine, eleven and thirteen of the plaintiffs' second amended complaint, for the stated reason that said defenses constitute an improper attempt at apportionment. The subject special defenses are entitled "negligence of co-defendants" and "liability only for proportionate share of damages" respectively.
When this lawsuit was commenced in 1995, several individuals and entities were made party defendants to the action. On or about March 1, 1999, co-defendants Smith, Taylor, Dumais and the Town of Groton settled their claims with the plaintiffs. On April 21, 1999, the defendant filed the challenged special defenses which assert the negligence of theses settled parties and claim apportionment pursuant to General Statutes section 52-572h(c). The plaintiffs claim that these defenses are untimely and that General Statutes section 52-102b is the exclusive means by which claims of apportionment against settled parties can be made. Additionally, the plaintiffs contend General Statutes section52-216a prohibits any reference to released parties,[1] and have moved in limine to prohibit any reference to the negligence of the former defendants. CT Page 12959
Plaintiffs cite the cases of Donner v. Kearse, 234 Conn. 660,662 A.2d 1269 (1995) and Baxter v. Cardiology Associates of NewHaven, 46 Conn. App. 377, 699 A.2d 271 (1997), as further support for their contentions that the filing of special defenses is legally insufficient to permit apportionment of liability; that fair and timely notice of apportionment requires the claim to be made within the time constraints of section 52-102b; and that raising the claim of apportionment by special defense automatically requires a jury to consider apportionment without proof of the negligence of the released party. The court rejects the plaintiffs' claims.
Section 52-102b is not the only way to raise apportionment in connection with settled or released parties. Section 52-572h(f)(4) specifically provides that a jury must specify "the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred percent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n)[2] of this section." Negligence, of course, must be proved and, by asserting a special defense, the defendant acknowledges that it has assumed the burden of proof of establishing the negligence of the settled parties before apportionment against them may be considered by the jury. "Under our practice, when a defendant pleads a special defense, the burden of proof on the allegations contained therein is on the defendant." DuBose v. Carabetta, 161 Conn. 254, 262, 287 A.2d 357
(1971).
Plaintiffs have cited no case law or statutory authority which provides that section 52-102b is the exclusive means for raising a claim of apportionment with respect to released parties. Moreover, the holdings in the very cases cited by the plaintiffs, Donner and Baxter, supra, lend no support to this position. In both cases, the complaint had been withdrawn as to certain defendants prior to trial. In Donner, the co-plaintiff who had withdrawn his claim against the defendants was held not to be a "settled or released person," because he did not receive a settlement or a release, and was thus outside the plain language of C.G.S. 52-572h(n). Donner v. Kearse,234 Conn. at 672-673. In the instant case, all persons mentioned in the special defenses have received releases. The Baxter court considered the released parties to be "released persons" under subsection (n) of General Statutes 52-572h, but the timeliness of CT Page 12960 the raising of the claim of apportionment and the burden of proof assumed in establishing the negligence of settled parties were dispositive of the issue in that case.[3] It is clear from a review of both cases that apportionment of liability in connection with released parties is permitted under section52-572h.
The plaintiffs' claim, in their reply memorandum dated June 21, 1999, that the released parties are not "settled or released persons" under subsection (n) of section 52-572h is not credible. As previously noted, the Donner and Baxter cases hold otherwise. Moreover, the plaintiffs previously conceded this interpretation at page 3 of their memorandum in support of their motion to strike dated May 13, 1999: "The former defendants are `settled or released persons' within the meaning of Connecticut General Statutes section 52-572h(n). [Baxter] Id. at 379 (citing Donnerv. Kearse, 234 Conn. 660, 672 (1995))."
Plaintiffs' claim that General Statutes section 52-216a
precludes any reference to released parties is simply wrong. The explicit language of the statute prohibits the reading of agreements not to bring legal action or releases of tortfeasors to the jury or the introduction of any such agreement or release into evidence; there is no language in this statute which precludes reference to other persons or parties who may have been negligent. Indeed, reference to the negligence of a party who settled and was released prior to trial was made to the jury in the Donner case and was not found to be in any way improper.
For these reasons, the court denies the plaintiffs' motion to strike the fifth and sixth special defenses to counts nine, eleven and thirteen of the plaintiffs' second amended complaint. Accordingly, the plaintiffs' motion in limine to preclude reference to the former defendants at the time of trial is also denied.
Koletsky, J.